Birchard, J.
The reasons urged in support of the motion of a new trial, which we will examine, are:
1. That the defendant was not a stockholder at the time the call for an installment was made.
In support of this position he relies upon the fact that, prior to the call, he had transferred his stock to a fictitious person, which, he claims, is an abandonment of his stock. The assignment to a fictitious person is a mere nullity. It transferred no right, simply because there was no real person to receive it on its passing from the original proprietor. Assuming it to be sufficient evidence of an abandonment, it still does not help the defendant, for an individual can not release himself from the obligation of a contract against the consent of'the obligee; and the defendant’s subscription to the capital stock of the plaintiff is a contract.
A second ground is, that the notice does not designate the place where the money was required to be paid.
The notice was, to make payment “to the treasurer of said company.” The language of the statute (Swan’s Stat. 975) is, “at least sixty days’ notice shall be given, in some public paper in general circulation, printed on or nearest to the road, *of'tho *112 time and place or places of paying in any installment,” etc. The act contemplates that the payments may be directed to be made at different places on the route of the road, and this for the convenience of the stockholders ; therefore, the company are required to designate the places, if payments are directed at different places. If, as in this case, but one place is designated, a substantial compliance with the statute is observed, and is all that is required. What is the effect of a notice to pay to the treasurer of a company? Is it straining language to .say, that it is a notice to pay at his .office? Clearly, that is its legal effect; and would any one feel at liberty to cavil, if this notice had road, “ to pay to the treasurer of the company, at his office,” for the reason that it omitted to state-the township or section upon which that office stood? The object of the legislature is fully accomplished by a notice to the stockholder, which informs him when, where, and to whom he is to make payment. This notice was ample to accomplish all of those objects. The company had a treasurer. His person and place of business was sufficiently designated by his name, in the connection in which it was employed in this notice, to convey all needful information to those subsci'ibers disposed to fulfill their obligations to the company.
The third gx-ound for a new trial is, that the notice was not published continuously for sixty days.
This position stands upon the hypothesis, that “ at least sixty days’ notice” is equivalent to “notice for and during sixty days.” The words are, however, not equivalent. A notice published once sixty days or more befox-e the time of payment, is all that tho statute requires. Tts letter is complied with by that. Wo are not left at liberty to imagine or suppose, in this case, that one thing is expressed and another intended, because whenever the legislatux-e have designed that a continuous notice should be given, they have used explicit terms. Had a contixxuous notice been intended in this class of cases, we should have found words more appropriate to convey that meaning; such as, “notice by publicatioxx, at least sixty days prior to the day of payment, which notice, shall be published *daily, tri-weekly, or weekly to the day of payment;” ox’, “ which notice shall be continued for eight consecutive weeks prior to the day of payment.” The manifest objeet in requiring sixty days’ notice was to give the stockholders reasonable time to prepare funds to meet the demand made upon them. The notice must be, *113 from the power of the words used in the statute, complete, at least sixty days before the day of payment. It could not be thus complete, if, in order to perfect it, the necessity existed of renewing it each week during the sixty days.
Motion overruled, and judgment on the verdict.